IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS EDWARD SPEARMAN, #708729, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0291-P |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the court is a petition for writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1]

On July 21, 2001, the Fifth Circuit Court of Appeals imposed a $100.00 sanction on Petitioner in an appeal from the dismissal of a successive § 2254 petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). See Spearman v. Johnson, No. 00-10409 (5th Cir. July 21, 2000). The Circuit Court stated as follows:

---

[1] In this habeas petition, just as in prior habeas action Spearman v. Dretke, 3:05cv1471-P (N.D. Tex., Dallas Div.), Petitioner seeks to challenge his 1995 conviction for burglary of a building from the 292nd Judicial District Court of Dallas County, Texas.

> Until such fine is paid, Spearman is BARRED from filing any further appeal, mandamus petition, motion to file a successive habeas corpus petition, or any other matter in this court without the advance, written permission of a judge of this court. Spearman is cautioned that, even after the fine is paid, filing any additional successive habeas corpus petitions will subject him to the possibility of sanctions if he fails to obtain this court's permission to file the successive petition.

Id.

Before filing the instant habeas action, Petitioner neither paid the outstanding monetary sanction, nor successfully sought leave to file a successive habeas corpus petition from the Fifth Circuit. As a matter of fact, on July 8, 2005, the Fifth Circuit denied authorization to file a successive habeas corpus petition because Petitioner failed to pay the $100 monetary sanction. See In Re Spearman, No. 05-10692 (5th Cir.).

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." MISC. ORDER 48. While this miscellaneous order does not mention sanctions imposed by the Fifth Circuit Court of Appeals, such sanctions should be equally recognized by district courts in Texas.

Petitioner has shown no change in circumstances or otherwise demonstrated that it would be unjust to enforce the Fifth Circuit sanction in this case. He merely argues that he has "been prevented from having a federal writ of habeas corpus fully entertained and heard because of Federal Court Officials unlawful act of infringing upon his equal protection right" -- namely "[d]iscrimination on the basis of poverty . . . ." (Pet. at 8). Accordingly, he must satisfy the

2

monetary sanction and seek authorization to file in the Fifth Circuit before filing any habeas corpus action challenging his 1995 conviction for burglary of a building in No. F94-57577-QV. In the absence of such payment and pre-approval, the District Court should deny *in forma pauperis* status to Petitioner and dismiss this action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion for leave to proceed *in forma pauperis* be denied and that his petition for writ of habeas corpus be dismissed without prejudice consistent with the outstanding sanction from the Fifth Circuit Court of Appeals in Spearman v. Johnson, No. 00-10409 (5th Cir. Jul. 21, 2000).

A copy of this recommendation will be mailed to Petitioner.

Signed this 23rd day of February, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

3